## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

IN RE:                                             CASE NO. 17-51323
LINDER OIL COMPANY, A PARTNERSHIP                  CHAPTER 7
    DEBTOR

### Motion for Entry of Order Authorizing Trustee to Employ Special Counsel And Provide Mechanism for Compensation of Same or, in the Alternative, Abandonment of the Causes of Action

Now into Court, through undersigned counsel, comes Lucy G. Sikes, in her capacity as the Chapter Seven Trustee for the bankruptcy estate of Linder Oil Company, a Partnership, who states:

### I. Jurisdiction

1.    This Court has subject matter jurisdiction over this matter pursuant to 11 U.S.C. § 105, 28 U.S.C. §§ 1334 and 157, and by virtue of the reference by the district court pursuant to LR 83.4.1. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A) and (O).

2.    The predicates for the requested relief are 11 U.S.C. §§ 105(a), 327, 328, 330 and Bankruptcy Rules 2014 and 2016.

### II. Background

3.    Linder Oil Company, A Partnership (the "Debtor" or "Linder") filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code") on October 10, 2017 (the "Chapter 7 Case"). D.E. 1.

4.    By virtue of her appointment as trustee in this case by the United States Trustee and pursuant to Chapter 7 of the Bankruptcy Code, Lucy G. Sikes (the "**Trustee**") serves as the trustee in this case.

5.      Pursuant to the provisions of § 541(a) of the Bankruptcy Code, upon the commencement of this bankruptcy case, an estate was created, comprised of all property, wherever located and by whomever held, including all legal and equitable interests of a debtor in property as of the commencement of the case.

6.      Pursuant to the provisions of § 323(a) of the Bankruptcy Code, the Trustee holds all of the rights and responsibility for property of the estate and is the sole representative of the bankruptcy estate. *In re Grotjohn*, 289 Fed.Appx. 702, 705 (5th Cir. 2008) ("[t]he bankruptcy trustee is vested with title to all assets of the estate and becomes the representative entity.").

7.      As the sole representative of the bankruptcy estate, and pursuant to the provisions of § 704(a)(1) of the Bankruptcy Code, the Trustee has a duty to collect and reduce to money the property of the estate.

8.      As the sole representative of the bankruptcy estate, and pursuant to the provisions of § 323(b) of the Bankruptcy Code, a trustee has the capacity to sue.

9.      The Cadle Company II, Inc. is by far the largest unsecured creditor of the debtor's estate, in excess of $100 million dollars. Claim Nos. 33, 34, 35, 36, 38, 39, 40, 42, 43, 44, 45, 46 (the "Proofs of Claim").

10.     The Cadle Company II, Inc. is represented by Russell Mills of Bell Nunnally & Martin, LLP ("**BN**" or "**Proposed Counsel**.").

11.     The debts owed by the Debtor are resultant of promissory notes, mortgages and guarantees executed by the debtor and its affiliates to First National Bank of Commerce (failed).

12.     There are outstanding Chapter Five Causes of Action, included but not limited to persons identified on items three and four of the debtor's statement of financial affairs.

13.     These do not include state law causes of action against Crescent Bank and Consolidated Reserves, which the Trustee intends to transfer or abandon.

14.     The fee schedule of Bell Nunnally & Martin, LLP will be filed prior to the hearing.

15.     The Trustee contends that the claims for avoidance of and prosecution of the causes of action should be brought on behalf of the Estate but is unable to assert claims for avoidance of these Additional Transfers through current counsel.

16.     Trustee will also employ Mark C. Landry as local counsel for BN and the estate. His hourly rate will be filed prior to the hearing.

### III. The Estate's Need for Representation

17.     Trustee believes there are possible, additional litigation claims of the Estate against third parties, including claims for avoidance under Chapter Five of the Bankruptcy Code.

18.     Trustee seeks authority to employ Proposed Counsel to assist her with the investigation and possible prosecution of these claims on behalf of the Estate. Trustee believes the employment of counsel may result in a substantial benefit to the Estate by providing valuable legal expertise at minimal cost to the Estate.

19.     Trustee believes it is necessary and in the best interest of the Estate for the Trustee to employ counsel to conduct litigation (in any trial or appellate court in any jurisdiction) which may be necessary or appropriate to assert rights held by the Debtor or the Estate, protect assets of the Estate, or otherwise further the goal of completing the Debtor's liquidation.

### IV. Statutory Provisions Governing Retention of the Proposed Counsel

20. The retention of professionals by a trustee in a bankruptcy case is governed by §§ 327 and 328 of the Bankruptcy Code.

21. Section 327 of the Bankruptcy Code, in the parts relevant to the issue before the court, provides:

> **(a)** Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys ... or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.
> ...
> **(c)** In a case under chapter 7 . . . of this title, *a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor*, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.
> ...
> **(e)** The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and *if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.*

11 U.S.C. § 327(a), (c), (e) (emphasis added). Section 327 governs *who* the trustee may hire to represent him or her in a case.

22. Section 328 of the Bankruptcy Code provides, in relevant part, as follows:

> **(a)** The trustee ... with the court's approval, may employ or authorize the employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.
> ...
> **(c)** Except as provided in section 327(c), [or section] 327(e) ... of this title, the court may

deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 ... if, at any time during such professional person's employment under section 327 ... such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.

11 U.S.C. § 328(a), (c). Section 328 governs the *terms* the trustee may hire professional persons to represent him or her in the case.

### V. <u>Application of Facts to Law for the Retention of the Proposed Counsel</u>

23.     The trustee proposes that The Cadle Company, II, Inc. ("Cadle") will advance to BN's fees and costs and shall pay these fees and costs directly to BN as litigation progresses and in accordance with BN's normal monthly billings.

24.     The estate shall have no in personam liability for these fees and costs. Upon recovery of any monies from any defendant's (whether through litigation or not), the estate shall reimburse Cadle for any monies advanced. The balance will be divided 80% to Cadle and 20% to the estate.

25.     Trustee desires to employ Proposed Counsel to represent her in her capacity as Trustee for the purposes set forth above.

26.     Trustee seeks authority to hire the Proposed Counsel according to the fee schedule.

27.     The Proposed Counsel represents the largest unsecured creditor in the Bankruptcy Case.

28.     Section 327(c) contains a safe-harbor provision which qualifies § 327(a) by providing that a person is "not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another

creditor or the United States trustee, in which case the court shall disapprove such employment if

there is an actual conflict of interest." Thus, § 327(c) does not permit disqualification of the

Proposed Counsel solely because it represents, or in the case of Associated Counsel, *employed*

*by*, a creditor of the estate.

29.     Proposed Counsel is qualified for employment under § 327(a). As interpreted by

the Fifth Circuit, § 327(a) sets forth a general two-part limiting test: the Trustee may hire only

those professionals who (i) do "not hold or represent an interest adverse to the estate," and (ii)

are "disinterested." *In re West Delta Oil Co., Inc.,* 432 F.3d 347, 355 (5th Cir.2005).

30.     The first prong, whether the professional sought to be hired by the Trustee "has or

represents an interest adverse to the estate," has been interpreted by analogizing to section

327(e), which uses the same language with respect to the retention of special counsel hired for a

limited purpose. Several courts, including courts within the Fifth Circuit, have found that a

proposed counsel's "adverse interest is relevant only if that interest relates to the matter on which

the special counsel is employed." *In re Contractor Tech., Ltd.,* 2006 WL 1492250, at *4–5

(S.D.Tex. May 30, 2006); *In re Age Ref., Inc.*, 447 B.R. 786, 801 (Bankr. W.D. Tex. 2011)

(authorizing trustee to employ creditor's counsel as special counsel under § 327(a)); *see also*

*Stoumbos v. Kilimnik,* 988 F.2d 949, 964 (9th Cir.1993) (requiring, under section 327(a), that

there be only "no conflict between the trustee and counsel's creditor client with respect to the

specific matter itself."); *In re AroChem Corp.,* 176 F.3d 610, 622 (2d Cir.1999) (stating that the

Second Circuit "interpret[s] that part of § 327(a) which reads that attorneys for the trustee may

"not hold or represent an interest adverse to the estate" to mean that the attorney must not

represent an adverse interest relating to the services which are to be performed by that

attorney'"); *In re Fondiller*, 15 B.R. 890, 892 (9th Cir. BAP 1981), *appeal dism*., 707 F.2d 441 (9th Cir.1983)("We interpret that part of § 327(a) which reads that attorneys for the trustee may "not hold or represent an interest adverse to the estate" to mean that the attorney must not represent an adverse interest relating to the services which are to be performed by that attorney."). Thus, the relevant inquiry here is whether the Proposed Counsel holds or represents an interest adverse to that of the estate with respect to the specific causes of action for which the Trustee seeks to hire Proposed Counsel. The source of potential conflict, if any in this case, would be the Proposed Counsel's representation of the largest unsecured creditor in the Bankruptcy Case, The Cadle Company II, Inc.

31.     The Fifth Circuit has adopted the following definition of "represent or hold any interest adverse to the debtor or to the estate":

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or
> (2) to possess a predisposition under circumstances that render such a bias against the estate.

*In re West Delta Oil Co.,* 432 F.3d 347, 356 (5th Cir.2005) "The concept of 'adverse interest' has also been articulated in terms of motivation: whether the attorney possesses 'a meaningful incentive to act contrary to the best interests of the estate and its sundry creditors.'" *In re Contractor Tech., Ltd.,* 2006 WL 1492250, at *6 (internal citations omitted). The determination of whether an adverse interest exists is fact-specific, requiring a case-by-case examination. *Id.* Here, there are no facts indicating that Proposed Counsel "holds" any interest adverse to the estate. If anything, Proposed Counsel (as counsel for The Cadle Company II, Inc.) has interests that are virtually identical to those of the trustee when it comes to prosecuting this litigation, as it

involves maximizing (and monetizing) a cause of action available to the estate, the proceeds of which are likely to defray both the estate's administrative costs and perhaps afford a basis for additional distributions to unsecured creditors of the estate (assuming the litigation proves to be successful). Both the Trustee and The Cadle Company II, Inc. seek to maximize the value of the estate for the benefit of creditors. The trustee here seeks to hire Proposed Counsel solely for the purpose of prosecuting certain avoidance and recovery actions in which the Proposed Counsel are not involved. The potential for conflict here is remote. By the same token, the practical business justifications for the firm's retention for this purpose are strong.

32. The second prong of section 327(a) provides that any person (or firm) retained by the trustee must also be "disinterested." Section 101(14)(E) of the Bankruptcy Code defines a "disinterested" person as one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor." 11 U.S.C. § 101(14)(E). Furthermore, courts have interpreted this definition to implicate only the personal interests of the professional sought to be retained. *In re Contractor Technology, Ltd.,* 2006 WL 1492250, at *7. "Accordingly, to violate the requirements of § 101(14)(E), the professional personally must 'have' the prohibited interest; and the representation of an adverse interest cannot be imputed to the professional." *Id.; see also In re AFI Holding, Inc.,* 530 F.3d 832, 848 (9th Cir.2008) (concluding that the definition of disinterested "was intended to disqualify only creditors with personal claims and those 'holding' pre-petition adverse interests, not [persons] having claims in a representative capacity"). There are no facts suggesting that the Proposed Counsel personally has any interest adverse to the estate, its creditors or equity holders. Just as Proposed Counsel

does not "hold" any interest adverse to the estate under the "adverse interest" prong of section 327(a), the firm does not "have" any such interest within the meaning of section 101(14)(E), and so "is not rendered 'interested' on that basis." *In re AroChem Corp.*, 176 F.3d 610, 629 (2nd Cir.1999). In sum, the Proposed Counsel's continuing relationship with The Cadle Company, II, Inc. does not, in and of itself, preclude the Trustee's retention of the firm to prosecute certain specific causes of action on behalf of the estate under this prong.

33.     Trustee believes the representation by Proposed Counsel is in the best interests of the Estate and creditors, after considering the following:

a.     the probability of success of the resolution of the Estate's claims, with due consideration for the uncertainty in fact and law; and

b.     the complexity and likely duration of the litigation and/or claims resolution process and any attendant expense, inconvenience and delay.

34.     Section 328(a) of the Bankruptcy Code authorizes a trustee, with the court's approval, to employ professionals "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

35.      Except as noted herein, the Trustee has been informed and believes that the Proposed Counsel has no connection with the debtor, the creditors, or any other party in interest, or their respective attorneys and accountants, or anyone in the United States Trustee's office, with respect to this matter other than the representation of The Cadle Company II, Inc. Pursuant to Bankruptcy Rule 2014(a), a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, including the trustee,

their respective attorneys and accountants, the United States Trustee, or any person employed by the United States Trustee will be filed prior to the hearing date.

36. The Trustee believes that it is necessary and in the best interest of the estate to employ Proposed Counsel to render professional services as outlined above.

## V. Relief Requested

37. The Trustee seeks the entry of an order authorizing the employment of Proposed Counsel under the terms set forth above.

38. **If the application is not approved, said causes of action should be abandoned.**

WHEREFORE, TRUSTEE PRAYS that, after proper notice being given to all creditors and parties in interest pursuant to Bankruptcy Rules 2002 and after all delays have passed, this court issue an order:

(a) authorizing the Trustee to employ Proposed Counsel on the terms set forth above; and

(b) for all other legal and equitable relief which the Trustee may be entitled.

Respectfully submitted,

   /s/ John W. Luster
JOHN W. LUSTER    (Bar Roll #9184)
Post Office Box 488
1120 Williams Avenue
Natchitoches, LA 71458-0488
Telephone: (318) 352-3602
Facsimile: (318) 352-3608
Email: luster_j@bellsouth.net
Attorney for Lucy G. Sikes, Trustee