UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:                                                    CASE NO. 17-51323

**LINDER OIL COMPANY,**                                   CHAPTER 7
**A PARTNERSHIP**
    *Debtor*

## MOTION TO COMPROMISE WITH X-CHEM, L.L.C.

**NOW INTO COURT**, through undersigned counsel, come plaintiffs Lucy G. Sikes, Chapter 7 Trustee (the "Trustee") for the estate of Linder Oil Company, A Partnership (the "Estate") and The Cadle Company, II, Inc. ("Cadle," and together with the Trustee, "Plaintiffs"), who respectfully move to compromise certain matters with Clariant Corporation, f/k/a X-Chem, L.L.C. ("X-Chem" or "Defendant"), pursuant to Federal Rule of Bankruptcy Procedure 9019.

### JURISDICTION AND VENUE

1.

This Court has jurisdiction over this motion under 11 U.S.C. §§ 105, 547, and 28 U.S.C. §§ 151, 157 and 1334.

2.

This venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### BACKGROUND

3.

On October 10, 2017 (the "Petition Date"), Linder Oil Company (the "Debtor") filed its voluntary petition under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"), in

the United States Bankruptcy Court for the Western District of Louisiana (the "Court"). Prior to its bankruptcy, the Debtor was an oil and gas operator of several wells owned by Destin Resources, LLC ("Destin") and Reserves Management, L.C. ("Reserves") throughout Louisiana. Debtor was the producer of the oil and gas from those wells pursuant to a production agreement between the Debtor, Destin, and Reserves.

4.

From March 14, 2011 to March 30, 2016, First NBC Bank, New Orleans ("First Bank") entered into a series of twelve notes either with Destin or Reserves (the "Notes") whereby First NBC loaned monies to them. Destin and Reserves executed commercial guaranties whereby they guaranteed each other's debt to First NBC. In addition, the Debtor executed commercial guaranties whereby it guaranteed Destin's and Reserve's debt to First NBC (together with the commercial guaranties executed by Destin and Reserves, the "Guaranties"). The Notes were secured by twelve mortgages (the "Mortgages") granting First NBC a lien in all mineral servitudes, mineral royalties, mineral leases, executive rights, and other mineral interests owned by Destin and Reserves in Louisiana, and all extracted collateral produced from those mineral interests (collectively, the "Collateral").

5.

Destin and Reserves ultimately defaulted on the Notes. On April 28, 2017, the State of Louisiana closed First NBC, and the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver. On September 28, 2017, the FDIC sold all of the Notes, Mortgages, and Guaranties to Cadle. In addition to the Debtor filing for bankruptcy, on December 4, 2017 and December 18, 2017, respectively, Destin and Reserves, filed voluntary petitions under Chapter 11

of the Bankruptcy Code in the Court. *See In re Destin Resources, LLC*, No. 17-51364; *In re Reserves Management, L.C.*, No. 17-51570.

6.

As of the Petition Date, the outstanding amount due to Cadle under the Notes was $122,023,294.49. Cadle has filed claims in all three bankruptcy cases.

7.

On March 6, 2018, the Court entered an order modifying the automatic stay to allow Cadle to take possession of any and all funds received by the Trustee that are attributable to the mineral interests of Destin and Reserves, and thus subject to Cadle's lien, and to apply those funds to the obligations owed to Cadle. (Rec. Doc. 135). The Court also ordered the Trustee to abandon any such proceeds to Cadle that are in her possession or received in the future. *Id.* The Court has entered similar orders in the *Destin* and *Reserves* bankruptcy cases.

8.

The Plaintiffs have asserted claims against Defendant arising under, *inter alia*, Bankruptcy Code §§ 502, 544, 547, 548, and/or 549 and 550, La. Civ. Code art. 2036, and for conversion (collectively, the "Claims").

9.

The Plaintiffs filed adversary proceeding no. 19-05095 against the Defendant on October 9, 2019 to avoid and recover the Claims (the "Adversary Proceeding").

10.

Defendant has not asserted that any defenses apply to the Claims.

11.

Defendant agrees to reimburse the Plaintiffs the full amount of their demand—$27,437.75 (the "Settlement Payment")—and release any claims that Defendant, including its agents, successors, representatives, and assigns, asserted or could have asserted against the Estate and/or the Plaintiffs in this Adversary Proceeding or in connection with this Bankruptcy Case only, including but not limited to, any claims under 11 U.S.C. § 502(h) (the "Defendant's Release"), in return for a release by the Plaintiffs and the Estate, including their agents, successors, representatives, and assigns, of the Claims asserted or that could have been asserted by the Plaintiffs or the Estate against the Defendant in this Adversary Proceeding or in connection with this Bankruptcy Case only (the "Plaintiffs' Release"). Within fifteen (15) days of the date that the Bankruptcy Court's order granting the present motion becomes a final nonappealable order, the Defendant shall pay the Settlement Payment to the order of "The Cadle Company II, Inc." c/o The Cadle Company, II, Inc., Attn: Mr. Pete Barta, Account Officer, 100 North Center Street, Newton Falls, OH 44444. Within fifteen (15) days of the Plaintiffs' receipt of the Settlement Payment, as set forth herein, the Plaintiffs shall file an *ex parte* motion to dismiss and close adversary proceeding with prejudice and proposed order granting same, substantially in the form attached hereto as Exhibit "A." The Defendant's Release will become effective on the date the Bankruptcy Court's order granting the Plaintiffs' *ex parte* motion to dismiss and close adversary proceeding with prejudice becomes a final nonappealable order. The Plaintiff's Release will become effective on the date the Trustee receives the Settlement Payment in good funds. The terms set forth in this paragraph 11 are the "Proposed Settlement."

12.

In order to approve a compromise, this Court must determine that the settlement is both fair and equitable and in the best interest of the Estate.[1] The terms of the compromise must be compared with the likely rewards of litigation in order to determine whether the settlement of litigation is fair and equitable.[2] This Court must consider (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise.[3] With regard to part three of this analysis, the Fifth Circuit has specified two factors that bear upon the decision to approve a compromise and thus should be considered by this Court: (a) the best interest of the creditors, "with proper deference to their reasonable views" and (b) "the extent to which the settlement is truly the product of arms-length negotiations and not of fraud or collusion."[4] In other words, "[t]o assure a proper compromise, the bankruptcy judge must be apprised of all the necessary facts for an intelligent, objective and educated evaluation."[5]

13.

In addition, if a settlement to be approved under Rule 9019 requires the estate to release claims against third parties, the estate must demonstrate that the compromise complies with section

---

[1] *In re Bodenheimer, Jones, Szwak & Winchell L.L.P.*, 592 F.3d 664, 675 (5th Cir. 2009) (citing *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980)).

[2] *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citing *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980)); *See also*, *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

[3] *Id*. at 355 (citing *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980)).

[4] *Id*. at 356 (citing *In re Foster Mortgage Corp.*, 68 F.3d 914, 917-18 (5th Cir. 1995)).

[5] *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

363(b) of the Bankruptcy Code.⁶ After notice and a hearing, a court will approve a release pursuant to section 363(b) as long as it represents a reasonable exercise of the debtor's or trustee's business judgment.⁷

14.

In determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvas the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"⁸ "All that [the proponent of the settlement] must do is establish [that] it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the case fought to the bitter end."⁹

15.

While the Plaintiffs consider there to be a substantial likelihood that they will successfully demonstrate their prima facie case on the Claims, the factors that courts consider in determining whether a settlement is fair and equitable weigh in favor of the Court approving this motion, as set forth below.

---

⁶ *See The Cadle Company v. Mims (In re Moore)*, 608 F.3d 253 (5th Cir. 2010) (requiring the court to scrutinize a proposed compromise of a claim under Bankruptcy Code § 363 and Bankruptcy Rule 6004 where a higher offer was made for that claim); *Peltz v. Gulfcoast Workstation Group (In re Bridge Info. Sys.)*, 293 B.R. 479, 486 (Bankr. E.D. Mo. 2003) (stating that "any compromise of a cause of action that is property of the estate is a transfer of that asset that must comply with § 363(b)(1) to be enforceable.")

⁷ *See In re Global Crossing Ltd.*, 295 B.R. 726, 746 (Bankr. S.D.N.Y. 2003) (approving, as exercise of reasonable business judgment under section 363(b), decision by debtors to execute mutual releases with third party in connection with asset sale agreement).

⁸ *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)); *In re Purofied Down Prods.* 150 B.R. 519, 522 (S.D.N.Y. 1993) (in making the determination of reasonableness, the court need not conduct a "mini-trial" on the merits).
⁹ *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted).

16.

According to the Debtor's records, the Debtor made the following transfer to the Defendant: $27,431.75 by check written on July 7, 2017, which check, upon information and belief, cleared the Debtor's bank account during the ninety (90) days prior to the Petition Date, (the "Transfer"). Plaintiffs contend that the Transfer was paid from the proceeds of the Collateral that secures the obligations owed to Cadle.

17.

Defendant does not assert any defenses to the avoidance and recovery of the Transfer.

18.

In light of the above, the terms of the Proposed Settlement are favorable compared to the relative risks and rewards of continued litigation. The Proposed Settlement allows Plaintiffs to receive 100% of their demand and avoid an expensive and lengthy battle against Defendant, which would only serve to diminish a return to the Estate.

19.

The Proposed Settlement is in the best interest of the Estate in that it provides for the immediate generation of income to the Estate without any further expense, uncertainty and inconvenience. In short, the Plaintiffs believe that the resolution proposed herein will strengthen the Estate's ability to maximize recovery and will provide certainty and finality in the most cost-efficient manner. In accordance with applicable law, this matter will be noticed for hearing, allowing the Debtor's creditors the opportunity to oppose the Proposed Settlement, should any choose to do so.

20.

Finally, the Proposed Settlement is the result of arms-length negotiations between the Plaintiffs and the Defendant and does not represent any fraud or collusion between the parties.

21.

Considering the Proposed Settlement and the cost associated with litigating the issues presented, the Plaintiffs suggest that the Proposed Settlement is fair and equitable and in the best interest of the Estate and its creditors and should thus be granted.

**WHEREFORE**, the Plaintiffs pray that this Court approve the Proposed Settlement outlined herein and authorize the Plaintiffs to effectuate same with Defendant, and for any such other relief deemed just.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**
301 MAIN STREET
SUITE 1640
BATON ROUGE, LA 70801
225-231-9998 PHONE
225-709-9467 FAX

By: */s/ P. Douglas Stewart, Jr.*
P. Douglas Stewart, Jr. (#24661)
dstewart@stewartrobbins.com

-and-

**BELL NUNNALLY & MARTIN LLP**
2323 ROSS AVENUE
SUITE 1900
DALLAS, TX 75201
214-740-1400 PHONE
214-740-1499 FAX

By: */s/ Russell W. Mills*
Russell W. Mills (*pro hac order entered 09/19/18*)
Texas Bar No. 00784609
rmills@bellnunnally.com

***Counsel for Plaintiffs***

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| In re: | |
| **LINDER OIL COMPANY, A PARTNERSHIP,** | Case No. 17-51323 |
| | Chapter 7 |
| Debtor. | |
| | |
| **THE CADLE COMPANY, II, INC.** and **LUCY G. SIKES, CHAPTER 7 TRUSTEE,** | |
| Plaintiffs, | Adv. Proc. No. 19-05095 |
| v. | |
| **X-CHEM, L.L.C.** | |
| Defendant. | |

---

### *EX PARTE* MOTION TO DISMISS AND CLOSE
### ADVERSARY PROCEEDING WITH PREJUDICE

---

**NOW INTO COURT**, through undersigned counsel, come plaintiffs Lucy G. Sikes, Chapter 7 Trustee (the "Trustee") for the estate of Linder Oil Company, A Partnership (the "Estate") and The Cadle Company, II, Inc. ("Cadle," and together with the Trustee, "Plaintiffs"), who respectfully move the Court for approval to dismiss and close the above-captioned adversary proceeding pending against X-Chem, L.L.C. (the "Adversary Proceeding"), with prejudice. In support of such request, the Plaintiffs aver as follows:

1

1.

On _____, 2020, the Plaintiffs filed that certain *Motion to Compromise with X-Chem, L.L.C.* [P-\_\_\_] ("Motion to Compromise") in the above-captioned bankruptcy case to settle and compromise certain claims involving Clariant Corporation, f/k/a X-Chem, L.L.C.

2.

On _____, 2020, this Court entered an order in the above-captioned bankruptcy case granting the Motion to Compromise and approving the Proposed Settlement, as defined in the Motion to Compromise [P-\_\_\_] ("Order").

3.

All issues presented within the Adversary Proceeding have now been resolved by the Order. Further, the Settlement Payment, as defined in the Motion to Compromise, has been received by the Plaintiffs.

**WHEREFORE**, the Plaintiffs pray that this Court grant this motion, dismiss the Adversary Proceeding with prejudice, close the Adversary Proceeding, and for any such other relief deemed just.

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

301 MAIN STREET
SUITE 1640
BATON ROUGE, LA 70801
225-231-9998 PHONE
225-709-9467 FAX

By: */s/*_____
P. Douglas Stewart, Jr. (#24661)
dstewart@stewartrobbins.com

-and-

2

BELL NUNNALLY & MARTIN LLP
2323 ROSS AVENUE
SUITE 1900
DALLAS, TX 75201
214-740-1400 PHONE
214-740-1499 FAX

By: */s/*_____
Russell W. Mills (*pro hac order entered 09/19/18*)
Texas Bar No. 00784609
rmills@bellnunnally.com

**Counsel for Plaintiffs**

3

17-51323 - #660  File 04/14/20  Enter 04/14/20 13:06:03  Main Document  Pg 11 of 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

In re:

LINDER OIL COMPANY, A PARTNERSHIP,

Case No. 17-51323

Chapter 7

    Debtor.

THE CADLE COMPANY, II, INC. and LUCY G. SIKES, CHAPTER 7 TRUSTEE,

    Plaintiffs,

v.

X-CHEM, L.L.C.

    Defendant.

Adv. Proc. No. 19-05095

## ORDER

EXHIBIT A - PART 2

Considering the *Ex Parte* Motion to Dismiss and Close Adversary Proceeding With Prejudice brought by plaintiffs Lucy G. Sikes, Chapter 7 Trustee for the Estate of Linder Oil Company, a Partnership, and The Cadle Company, II, Inc. [P-___] (the "Motion"), the record of the case, and good cause appearing therefore:

**IT IS ORDERED THAT:**

1. The Motion is GRANTED; and

2. Adversary Proceeding No. 19-05095 is DISMISSED WITH PREJUDICE; and

3. Adversary Proceeding No. 19-05095 is CLOSED.

###

This order was prepared and is being submitted by:

**STEWART ROBBINS BROWN & ALTAZAN, LLC**
301 MAIN STREET
SUITE 1640
BATON ROUGE, LA 70801
225-231-9998 PHONE
225-709-9467 FAX

By: */s/*_____
P. Douglas Stewart, Jr. (#24661)
dstewart@stewartrobbins.com

-and-

**BELL NUNNALLY & MARTIN LLP**
2323 ROSS AVENUE
SUITE 1900
DALLAS, TX 75201
214-740-1400 PHONE
214-740-1499 FAX

By: */s/*_____
Russell W. Mills (*pro hac order entered 09/19/18*)
Texas Bar No. 00784609
rmills@bellnunnally.com

***Counsel for Plaintiffs***

2